# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**MARLA MOMAN,**              ]
                              ]
   **Plaintiff,**          ]
                              ]
   **vs.**                 ]   CV-07-BE-1562-S
                              ]
**ORTHOPAEDIC SPECIALISTS OF**    ]
**ALABAMA, P.C.,**                ]
                              ]
   **Defendant.**          ]

## MEMORANDUM OPINION

This case comes before the court on the parties' Joint Motion for Approval of Settlement Agreements and for Order of Dismissal With Prejudice (doc. 41). For the reasons stated below, the settlements will be approved and the case will be DISMISSED WITH PREJUDICE.

Plaintiffs Marla Moman, Peggy Edge, Patty Fields, Paulette Roden, and Matthew Smith allege that Defendant Orthopaedic Specialists of Alabama, P.C., failed to pay them wages and/or overtime wages in violation of the Fair Labor Standards Act ("FLSA"). The court compelled arbitration as to Plaintiff Matthew Smith. The remaining Plaintiffs entered into individual settlement agreements with Defendant, and now seek the court's approval of those settlement agreements, which they filed under seal with the court for *en camera* review.

"[T]he FLSA's provisions are mandatory and generally are not subject to bargaining, waiver, or modification by contract or settlement." *Gilmore v. Nationwide Ins. Co. of Am.*, 2006 U.S. Dist. LEXIS 88919, at *2 (M.D. Ala. Dec. 8, 2006) (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706 (1945). Settlement is appropriate in an employee's private action for back wages, however, when a court determines that the settlement is a "fair and reasonable

-2-

resolution of a *bona fide* dispute over FLSA provisions." *Id.* (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982)).

Having reviewed the parties' pleadings, as well as the multiple motions and all evidentiary materials filed prior to the parties' settlements, the court concludes that Plaintiffs' claims include *bona fide* disputes over FLSA provisions.  Upon thorough review of the Confidential Settlement Agreements signed by Ms. Moman and Ms. Roden, and the Declarations of Consent to Settlement signed by Ms. Fields and Ms. Edge, the court finds that each settlement is a fair and reasonable resolution of the *bona fide* disputes.  Consequently, by separate order, the court will GRANT the joint motion, APPROVE the settlement agreements, and DISMISS this action with prejudice.

DATED this 9th day of July 2008.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE